MARGARET MANZY, PLAINTIFF IN ERROR, v. HARVEY W. HARDY, DEFENDANT IN ERROR.

1. **Non-Suit.** If neither the petition nor the evidence adduced upon the trial show the plaintiff to be entitled to any relief whatever, a judgment of non-suit is proper.

2. **Money paid under Mistake—Recovery back.** To authorize the recovery of money paid for a valid consideration, on the ground of its having been paid under a mistake of fact, it must be shown that the party receiving it is in some way responsible for the mistake.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*J. H. Foxworthy*, for plaintiff in error, cited *Woodward*

*v. Hill*, 6 Wis., 147, 151. *Kingston Bank v. Eltinge*, 40 N. Y. (1 Hand.), 391. *Millett v. Holt*, 60 Maine, 169. *Bank of Com. v. Union Bank*, 3 N. Y. (Com.), 237. *Devine v. Edwards*, 87 Ill., 177. *North v. Bloss*, 30 N. Y. (3 Tif.), 374, 381. *Ellis v. Life Ins. Co.*, 4 O. S., 628. *Rogers v. Weaver*, 5 Ohio, 537. *Billings v. McCoy*, 5 Neb., 190, and cases cited.

*N. C. Abbott*, for defendant in error, cited *Sheldon v. Harding*, 44 Ill., 68. 4 Wait's Actions and Defenses, 486.

LAKE, CH. J.

Of the several errors formally assigned, the only really important one is, whether the non-suit was properly granted. The ground taken by counsel for the defendant in error in support of the ruling of the district court is, that neither the petition nor the evidence shows that the plaintiff is entitled to any relief whatever. If this be so, of course the case was properly disposed of, and the judgment should be affirmed.

The object of the action was to recover the sum of seventy-five dollars and interest for a short time. The basis of this claim as set out in the petition is, that the plaintiff had paid that amount to the defendant in part payment for a lot in the city of Lincoln, together with "the house thereon." The only mistake mentioned is, that of her "believing that the defendant had a valid deed and title," * * * * "when in fact and reality the said defendant had no legal right whatever to the said lot." This is the whole substance of the complaint, and surely there is nothing here which shows the defendant to have been in the slightest degree responsible for the mistake under which the plaintiff says she made the payment. Even if money be paid to another under a mistake of fact, but for a valid consideration, in order to maintain an action for its recovery the party receiving it must be shown to have been in

some way at fault, and responsible for the mistake.    For aught that the petition shows, the conduct of the defendant was commendable in every particular.

But, even if it were shown that the mistake complained of was caused entirely by the defendant, still no cause of action would be stated.    It is not necessary that one should be possessed of a "legal title" to property in order to make it a good subject of bargain and sale.    An equitable interest would answer the same purpose as a legal one.    So, too, would a mere claim of right which might turn out to be no interest at all, either legal or equitable.

Again, the mistake was only as to a part of the property. The purchase, as we have seen, was of a lot and "the house thereon."    It is not claimed that any mistake occurred respecting the house, the title to which seems to have been all that was expected, so that, even if there were any failure of consideration, it was only a partial one.    We are of opinion that the petition states no cause of action.

But, if we turn to the evidence, the showing there made by the plaintiff is, if possible, still more unfavorable to a recovery.    It shows that the money was paid for a good and valuable consideration, viz., the redemption of the lot from tax sale.    The defendant having purchased the lot for delinquent taxes, which it was the duty of the plaintiff to have paid, upon receiving the treasurer's deed took possession and built thereon the house referred to in the petition.    Under this tax deed the defendant claimed to own the lot, and the plaintiff being desirous of regaining it, an arrangement was made by which she agreed to pay him the sum of one hundred and thirty dollars, in consideration of which he was to transfer to her all his interest in the property.    The money in question was paid to the defendant in part performance of this arrangement, which appears to have been made in good faith by both parties, and respecting which it is not shown that the defendant is in any default.    Surely, for money paid under such circumstances,

no recovery can be had. There is no error in the record, and the judgment must be affirmed.

JUDGMENT AFFIRMED.